**UNITED STATES of America, Appellee,**

v.

**Angel RIVERA–FELICIANO, a/k/a Junior Azuquita, Defendant, Appellant.**

No. 87–1627.

United States Court of Appeals, First Circuit.

Heard Nov. 2, 1988.

Decided April 17, 1991.

Rehearing and Rehearing En Banc Denied May 10, 1991.

Angel Rivera–Feliciano, Bayamon, P.R., pro se.

Mervyn Hamburg, Dept. of Justice, Washington, D.C., with whom Daniel F. López–Romo, U.S. Atty., Hato Rey, P.R., was on brief, for appellee.

Before COFFIN, Senior Circuit Judge, WISDOM,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

TORRUELLA, Circuit Judge.

In *United States v. Garcia–Rosa*, 876 F.2d 209 (1st Cir.1989), we rejected appellant Angel Rivera–Feliciano's claim that his 1986 drug trial impermissibly placed him in jeopardy a second time for events to which he had pled guilty in 1985 because acceptance of his position would have compelled us to "blaze a precarious new trail in the unsettled jurisprudence of the Double Jeopardy Clause." *Id.* at 236. The Supreme Court, however, has since dissipated all existing doubts surrounding the double jeopardy doctrine, *see Grady v. Corbin,* — U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and has remanded Rivera–Feliciano's case for further consideration in light of the principles enunciated therein — U.S. ——, 111 S.Ct. 377, 112 L.Ed.2d 391 (1990). Finding full compliance with the tenets of *Grady,* we affirm appellant's convictions.

I

A thorough understanding of the double jeopardy question requires that we re-assay the factual background which forms the basis for the matter at bar. On April 17, 1985, Angel Rivera–Feliciano was indicted by a federal grand jury and charged with four violations of 21 U.S.C. § 841(a)(1), to wit, possession with intent to distribute 22.9 grams of heroin on or about April 12, 1985; distribution of 22.9 grams of heroin on or about April 12, 1985; possession with intent to distribute 53.8 grams of heroin on or about April 13, 1985; and distribution of 53.8 grams of heroin on or about April 13, 1985. A superseding indictment filed on May 5, 1985, reiterated these

offenses and added a fifth count, the use of a communications facility to commit a crime in violation of 21 U.S.C. § 843(b). On August 5, 1985, appellant pled guilty to Counts 2 (distribution of heroin on April 12, 1985) and 5 (use of a communications facility to commit the crime) of the indictment and, as a result of his entering into a plea agreement with the government, the remaining counts were dismissed. Rivera–Feliciano was sentenced to six years imprisonment, a $10,000 fine, a special parole term of five years, and a special monetary assessment of $50 on Count 2, and two years imprisonment, a $10,000 fine, and a special monetary assessment of $50 on Count 5. The jail terms were to be concurrently served.

Thereafter, on August 1, 1986, Rivera–Feliciano and thirty other defendants were the subject of a second indictment. Counts 1, 5, 11 and 12 (the only ones to mention Rivera–Feliciano) charged him with conspiracy to possess with intent to distribute and possession with intent to distribute both cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2. After a jury-trial, appellant was found guilty on all counts. As he did throughout the proceedings in the district court, Rivera–Feliciano argued on appeal that prosecution on Counts 11 and 12 was barred by the Double Jeopardy Clause because the 22.9 grams of heroin presented into evidence at trial were the same 22.9 grams confiscated by drug enforcement agents on April 12, 1985, which had formed the basis for the 1985 indictment. In other words, appellant argued that the 1986 prosecution arose from a factual situation on which the government had already proceeded to judgment in 1985, and thus ran afoul of the Double Jeopardy Clause. Were this allegation true, the government would have in fact re-filed the possession with intent to distribute heroin charge that it had moved to dismiss as a result of a plea agreement it entered into with the appellant in 1985.[1]

---

* Of the Fifth Circuit, sitting by designation.

1. Such an action by the government could, of course, have constituted a clear violation of the 1985 plea agreement with regard to the posses-

sion with intent to distribute charge. *See United States v. Giorgi,* 840 F.2d 1022, 1025–26 (1st Cir.1988). As we noted before, however, defendant has not raised the issue, either at the trial

The government does not contest this fact, but argues instead that the "possession" and "conspiracy to possess with intent to distribute" heroin counts with which appellant was charged in 1986 required proof of facts which the "distribution" and "communications facility" counts to which jeopardy attached in 1985 did not, and, this being the case, no double jeopardy problem exists.

## II

■ The Fifth Amendment to the United States Constitution protects any person from being "twice put in jeopardy of life or limb" for the same offense. U.S. Const. amend. V. The Double Jeopardy Clause has been interpreted to provide three distinct safeguards: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted). As is immediately apparent, these three situations can readily be organized into two broader categories, namely, cases involving multiple punishments for the same offense and cases involving successive prosecutions. And, as the *Grady* Court instructed, the approach to determining whether a fifth amendment infraction is present differs for each category. *Grady*, 110 S.Ct. at 2093. *See also United States v. Ortiz–Alarcón*, 917 F.2d 651, 653–54 (1st Cir.1990) (holding that *Grady*'s "same conduct" test is only applicable to successive prosecution cases).

In the context of multiple punishments within a single prosecution, our analysis begins, and ends, with the principles established in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

*See Grady*, 110 S.Ct. at 2090–91. Simply stated, the *Blockburger* test requires that we determine whether each offense requires proof of a fact which the other one does not. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. If they do, then the test is satisfied, and the Double Jeopardy Clause does not prevent the imposition of separate sentences for violation of each individual statute. If, however, neither statute requires proof of a fact which the other does not, then the offenses are one and the same for purposes of the double jeopardy doctrine; similarly, if only one of the statutes does, then the other offense is a lesser included violation, and the Double Jeopardy Clause comes squarely into play. *See Grady*, 110 S.Ct. at 2090.

With regard to situations involving successive prosecutions, the Supreme Court in *Grady* added a second level to its double jeopardy analysis. While reiterating that courts "must first apply the traditional *Blockburger* test," *id.* at 2090, the Court also ruled that the Double Jeopardy Clause "bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove *conduct* that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 2093 (footnote omitted and emphasis ours).[2] *See also Ortiz–Alarcón*, 917 F.2d at 653. In other words, if application of the *Blockburger* test reveals that the offenses are identical or that one is a lesser included offense of the other, then a second prosecution would amount to double jeopardy and our inquiry must come to an end; however, even if it is determined that the offenses are not identical or that one is not a lesser included offense of the other, "successive prosecutions will [still] be barred in some circumstances where the second prosecution requires the relitigation of factual is-

---

level or on appeal. *Garcia–Rosa,* 876 F.2d at 235. We add today that given the fact that he was sentenced to concurrent terms of fifteen years on all four counts, *id.* at 215, appellant has not suffered any prejudice from this practice. We therefore decline once again to entertain the point.

**2.** In *Grady,* the Court expressly refused to adopt the "same evidence" or "actual evidence" tests and, quoting *Garrett v. United States,* 471 U.S. 773, 790, 105 S.Ct. 2407, 2417, 85 L.Ed.2d 764 (1985), noted that in the past it had "steadfastedly refused to adopt the 'single transaction' view of the Double Jeopardy Clause." *Grady,* 110 S.Ct at 2093–94 nn. 12 & 15.

sues already resolved by the first." *Grady*, 110 S.Ct. at 2093 (quoting *Brown v. Ohio*, 432 U.S. 161, 166–67, n. 6, 97 S.Ct. 2221, 2226, n. 6, 53 L.Ed.2d 187 (1977)).

This case is, of course, a specimen of the latter genre. To be sure, appellant presents an appealing argument. He submits, and the government does not dispute, that the 22.9 grams of heroin introduced into evidence in his 1986 trial were the same 22.9 grams of heroin which gave way to his 1985 guilty plea. As the drugs evidently proceeded from the same "shipment," he therefore concludes that the Double Jeopardy Clause prevented the institution of the second prosecution. Closer scrutiny reveals, however, that the better part of reason is not on his side. That the confiscated heroin proceeded from the same "shipment," or was precisely the same in both cases, though true, is totally beside the point, since our inquiry must focus on whether each crime requires proof of facts which the others do not and, additionally, on whether the second prosecution called for the government to prove "conduct" for which the defendant had already been found guilty in his previous case. Needless to say, with the proceeds of the same "shipment," and even with the same physical substance, an individual can engage in conduct at different time intervals which could separately violate a number of penal statutes. The fact that the drugs in both cases were the same or proceeded from the same shipment is therefore inconsequential, for our analysis here focuses on the "conduct" the defendant engaged in once the original "transaction" was completed. Having clarified this, we proceed to apply the *Blockburger–Grady* principles to the facts at bar.

Rivera–Feliciano pled guilty in 1985 to one count of heroin distribution and to the use of a communications facility to advance the commission of a crime, the only counts which need worry us here because in the taking of pleas jeopardy ordinarily does not attach to counts which are dismissed and on which no finding of guilt is made. *See Garcia–Rosa*, 876 F.2d at 235, n. 21, and cases cited therein. Additionally, in 1986, a jury found appellant guilty of conspiracy and of possession with intent to distribute heroin. Taking into consideration the statutory elements of these crimes, we can readily conclude, without need to elaborate, that each of these offenses required proof of facts which each of the others did not, so the *Blockburger* portion of our analysis presents no problems. *See United States v. Tejada*, 886 F.2d 483, 489–91 (1st Cir. 1989) (prosecution for the offenses of distribution and possession with intent to distribute narcotics presents no problems under *Blockburger*); *United States v. Wylie*, 625 F.2d 1371, 1380–82 (9th Cir.1980) (prosecution for the offenses of conspiracy and distribution of narcotics presents no problems under *Blockburger*).

Turning to the second part of the test, we note that a possession count can and in fact did require proof of conduct other than that which would have been required to prove the distribution count. We have held that the narcotics offenses of possession and distribution "merge only where the distribution itself is the sole evidence of possession, or where possession is shown to exist only at the moment of distribution." *United States v. Rodríguez–Cardona*, 924 F.2d 1148, 1159 (1st Cir.1991). Such was not the case here, where the record is replete with accounts of how Rivera–Feliciano and the other co-defendants processed the heroin at various locations prior to performing the actual sales on the streets. *See García–Rosa*, 876 F.2d at 214. It similarly does not require extensive comment for us to conclude that the heroin possession charge involved conduct wholly distinct from the conduct involved in the communications facility charge.

Finally, we must determine whether a conspiracy charge requires the relitigation of factual issues involved in the heroin distribution and communications facility counts. We think not. Where, as here, we have determined that the evidence presented to prove the conduct constituting the heroin possession charge was independent of the conduct constituting the distribution charge, it follows, *a fortiori*, that the conduct establishing the conspiracy to possess must be independent of the con-

duct constituting the actual distribution. Clearly, the essence of the conspiracy is the agreement, and conviction for the conspiracy does not prevent conviction, or acquittal, for the substantive charge comprising the conspiracy. *Cf. Wylie*, 625 F.2d at 1381. Rounding up our analysis, we find that because the facts underlying the communications facility charge were not used to establish the conspiracy, prosecution for the latter, *vis a vis* the former, presents no problems under *Grady*'s "same conduct" test.

For the foregoing reasons, appellant's convictions are,

*Affirmed.*