USA v. King                    CR-92-41-B     04/16/93

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                           Criminal No. 92-41-01-B

Robert King

### O R D E R

Before the court in this criminal matter is defendant's "Motion to Dismiss on Grounds of Double Jeopardy" (Document no. 29).  For the reasons discussed below, the court grants defendant's motion.

### FACTS

The relevant facts are not in dispute.  On June 3, 1992, a Federal Grand Jury returned a Three-Count Indictment against defendant Robert King.  See Document no. 1.  On December 28, 1992, King entered guilty pleas to Counts I and III, and the Government, as a condition of the pleas, agreed to dismiss Count II.  See Document no. 28.  Count I charges that King violated Title 18 U.S.C. § 844(f) when he "maliciously damaged and destroyed, and attempted to do so, by means of fire and

explosives, real property . . . which . . . was then owned by the White Mountain National Forest and the United States of America."[1]  See Document no. 1.  Count III of the Indictment alleges that King "willfully and without authority set a fire" on the same "land and real property" owned "by the White Mountain National Forest and the United States of America" in violation of Title 18 U.S.C. § 1855.[2]  See id.

---

[1]Section 844(f) provides in relevant part:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other personal or real property in whole or in part owned, possessed, or used by, or leased to, the United States . . . shall be imprisoned for not more than ten years, or fined not more than $10,000, or both . . . .

18 U.S.C.A. § 844 (Supp. 1993) (emphasis added).


[2]In pertinent part, section 1855 states:

> Whoever, willfully and without authority, sets on fire any timber, underbrush, or grass or other inflammable material upon the public domain or upon any lands owned or leased by or under the partial, concurrent, or exclusive jurisdiction of the United States . . . shall be fined under this title or imprisoned not more than five years, or both.
>     . . .

18 U.S.C.A. § 1855 (Supp. 1993) (emphasis added).

**DISCUSSION**

I.  Arguments

King argues that his convictions on Counts I and III are barred by the protection against multiple punishments embodied in the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[3]  Specifically, King states:

> [T]he act or acts complained of as to Count I
> and Count III are identical in that the means
> of setting the fire is the same for each
> Count, the property destroyed is the same for
> each Count, and the vehicle of destruction,
> that is fire, is the same for each Count.

Memorandum of Law in Support of the Defendant's Motion to Dismiss Based on Double Jeopardy (Document no. 29) at 2 [hereinafter Defendant's Memorandum of Law].  Moreover, according to King, the statutory terms "maliciously" and "willfully" are functionally equivalent.  Id. at 6.  Thus, King asserts that a conviction for both Counts I and III of the Indictment would punish him for the same underlying conduct.

King next contends that even if "maliciously" and "willfully" are not synonymous mental states, willful is a

───────────────

[3]The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb . . . ."  U.S. Const. art. V.

3

"'lesser included' state of mind."  See Supplemental Reply by the Defendant to the Government's Response to the Defendant's Motion to Dismiss on Grounds of Double Jeopardy (document no. 31) at 1. To be sentenced under both counts, King argues, would violate the Double Jeopardy Clause by punishing him twice for the same conduct.  The Government disagrees.

II.  Standard

The Double Jeopardy Clause has been interpreted to provide three separate safeguards for persons accused of a crime:

> First, it protects against a second prosecution for the same offense after acquittal.  Second, it protects against a second prosecution for the same offense after conviction.  Third, it protects against multiple punishments for the same offense.

United States v. Abreu, 952 F.2d 1458, 1464 (1st Cir.), cert. denied, 112 S. Ct. 1695 (1992) (citing Jones v. Thomas, 491 U.S. 376, 380-81 (1988)).  These three situations can be classified into two broader categories:  cases in which a person receives multiple punishments for the same offense and cases in which the Government brings successive prosecutions.  See United States v. Rivera-Feliciano, 930 F.2d 951, 953 (1st Cir. 1991), cert. denied, 112 S. Ct. 1676 (1992).

4

The method for determining whether a Double Jeopardy Clause violation is present differs for each category. See Grady v. Corbin, 495 U.S. 508, 515-22 (1990); Rivera-Feliciano, 930 F.2d at 953-54; United States v. Ortiz-Alarcon, 917 F.2d 651, 653-54 (1st Cir. 1990), cert. denied, 111 S. Ct. 2035 (1991). With respect to situations involving multiple punishments within a single prosecution, the "analysis begins, and ends," Rivera-Feliciano, 930 F.2d at 953, with the standard set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

Accord Abreu, 952 F.2d at 1464; Ortiz-Alarcon, 917 F.2d at 653. If they do, then the Blockburger test is satisfied, and the Double Jeopardy Clause will not preclude the imposition of multiple sentences for overlapping conduct. See Abreu, 952 F.2d at 1464-65; Rivera-Feliciano, 930 F.2d at 953. If, however, neither provision requires proof of a fact that the other does not, then

> the offenses are one and the same for purposes of the double jeopardy doctrine; similarly, if only one of the statutes does, then the other offense is a lesser included

5

> violation, and the Double Jeopardy Clause
> comes squarely into play.

Rivera-Feliciano, 930 F.2d at 953 (citing Grady, 110 S. Ct. 2090).

III. Application

To establish a violation of 18 U.S.C. § 844(f), the Government must prove the following essential elements:

(1) the defendant damaged real or personal property by means of fire or explosives;

(2) the real or personal property was owned in whole or in part by the United States; and

(3) the defendant acted maliciously.

To prove a violation of 18 U.S.C. § 1855, the Government must establish the following:

(1) the defendant set fire to any timber, underbrush or grass or other inflammable material;

(2) the property was owned in whole or in part by the United States; and

(3) the defendant acted willfully and without authority.

King dismisses any differences in the language in first element of each statute by asserting that the burning of timber, underbrush, grass, or other inflammable material in the present case is the "functional equivalent" of damaging real property by means of fire. See Defendant's Memorandum of Law at 4. While the Government does not concede this issue, it has chosen not to

6

argue the point and agrees that the "larger question" involves the requisite mental states necessary to commit each offense. See Government's Response to Defendant's Motion to Dismiss on Grounds of Double Jeopardy at 3-4. The court agrees with King that in this case "fire, timber, underbrush or grass" as cited in 18 U.S.C. § 1855 is included in "real or personal property" as used in 18 U.S.C. § 844(f). Thus, the Blockburger test cannot be satisfied through these facts.

In construing the terms "maliciously" and "willfully," the court is guided by the following principles of statutory interpretation which are discussed in greater detail in McFadden v. United States, 814 F.2d 144, 145-46 (3d Cir. 1987). When Congress uses a common law term in a statute without otherwise defining it, a court may presume that Congress intended to adopt the meaning given to that term at common law. See United States v. Patterson, 882 F.2d 595, 603 (1st Cir. 1989), cert. denied, 110 S. Ct. 737 (1990) (citing Morissette v. United States, 342 U.S. 246, 263 (1952)); United States v. Everett, 700 F.2d 900, 904 (3d Cir. 1983). If Congress uses a term that has no accepted common law meaning, the term should be given a meaning consistent with the purpose of the statute and its legislative history. United States v. Turley, 352 U.S. 407, 411-13 (1957). However,

7

even if the term has an accepted common law meaning, a court should not adopt that meaning if there are "grounds for inferring any affirmative instruction from Congress" to do otherwise. See Morissette, 342 U.S. at 273 (quoted with approval in Everett, 700 F.2d at 904).

"At common law, one acts 'maliciously' if he acts intentionally or with willful disregard of the likelihood that damage or injury will result." McFadden, 814 F.2d at 146 (citing C. Torcia, Wharton's Criminal Law §§ 137, 486 (14th ed. 1979); R. Perkins & R. Boyce, Criminal Law 856-61 (3rd ed. 1982)). Thus, in this context, a defendant maliciously damages real or personal property by fire or explosives if he intentionally damages the property by the means specified in the indictment and with knowledge that the property is property of the United States.

The meaning which Congress intended to give to "willfully" in 18 U.S.C. § 1855 is more difficult to ascertain. Although it has not ruled on this specific issue, the First Circuit Court of Appeals has noted that willful "is a word of many meanings, its construction often being influenced by its context." United States v. Aversa, 984 F.2d 493, 497 (1st Cir. 1993) (quoting Spies v. United States, 317 U.S. 492, 497 (1943)). At one extreme, willfulness has been equated with mere awareness of the

8

conduct at issue and the surrounding circumstances. <u>Id.</u> At the other extreme, it has been understood to require the violation of a known legal duty. <u>Id.</u>

The Government argues that 18 U.S.C. § 1855 requires proof that the defendant intentionally violated a known legal duty. Assuming without deciding that the Government's position is correct, "willfully" as used in 18 U.S.C. § 1855 necessarily includes "maliciously" as used in 18 U.S.C. § 844(f) since it is logically impossible for a defendant to act willfully by intentionally setting fire to property of the United States in violation of a known legal duty without also acting maliciously by intending to damage the property by means of fire. Accordingly, at least in the context of this case, 18 U.S.C. § 844(f) and 18 U.S.C. § 1855 do not each require proof of a fact which the other does not and the <u>Blockburger</u> test has not been satisfied.

In cases where it would violate the Double Jeopardy Clause to sentence the defendant to multiple sentences for the same conduct, the First Circuit Court of Appeals has determined that it would also be improper to sentence on only one offense, but allow both convictions to stand. <u>United States v. Rivera-Martinez</u>, 931 F.2d 148, 152-53 (1st Cir.), <u>cert. denied</u>, 112 S.

9

Ct. 184 (1991).  Accordingly, the defendant's conviction on Count III is vacated.[4]

        SO ORDERED.

                                        _____
                                        Paul Barbadoro
                                        United States District Judge

April 16, 1993

cc:  David Bownes, Esq.
     United States Attorney
     United States Probation
     United States Marshal

_____

[4]Although the offense identified in Count I is necessarily included in the offense identified in Count III, the court vacates Count III because it provides for a lower maximum term of imprisonment than the offense identified in Count I.

10