[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1495

UNITED STATES,

Appellee,

v.

EDWIN COTTO SANTIAGO, a/k/a SEALED DEFENDANT 8,
a/k/a EL GATO, a/k/a EL NINO,
a/k/a EL LOCO, a/k/a EL PEQUENO,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Selya, Circuit Judges.

---

Ignacio Fernandez de Lahongrais on Anders brief for appellant.
Edwin Cotto Santiago on brief pro se.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

July 10, 2001

**Per Curiam**. Defendant's counsel has submitted an <u>Anders</u> brief and motion to withdraw, asserting that there are no meritorious issues to be raised on appeal. <u>See</u> <u>Anders</u> v. <u>California</u>, 386 U.S. 738, 744 (1967); 1st Cir. Loc. R. 46.4(a)(4). Defendant Edwin Cotton Santiago has filed a pro se brief claiming ineffective assistance of counsel and sentencing error. He seeks only to be re-sentenced, not to withdraw his guilty plea. As required by <u>Anders</u>, we have conducted a full examination of the proceedings. Based on that examination, we conclude that this appeal is wholly frivolous as it presents no issue having an arguable basis in law or fact.

This case was consolidated for purposes of briefing and argument with five appeals by co-defendants and the government has filed a single brief in all six appeals. However, this is the only case in which defense counsel has filed a motion to withdraw and an <u>Anders</u> brief. Accordingly, we are issuing a separate opinion in this case.

Santiago pled guilty to a single count of a multi-count indictment charging him and twenty co-defendants with conspiring "to possess with intent to distribute more than one

-2-

kilogram of heroin, and to distribute more than one kilogram of heroin," in violation of 21 U.S.C. §§ 841(a)(1) & 846. The statutorily prescribed penalty for that quantity of heroin is a mandatory minimum of ten years and a maximum of life imprisonment. After pleading guilty, Santiago filed a pro se motion seeking dismissal of his indictment on double jeopardy grounds, which the court denied. The probation department calculated a guideline sentencing range of 121 to 151 months, as set forth in the presentence investigation report. Santiago received a ten-year sentence (the statutory mandatory minimum).

In his pro se brief, Santiago indicates that he does not seek to withdraw his guilty plea. In any event, we agree with appellant's counsel that the change-of-plea hearing covered all of the necessary points. Appellant's counsel also correctly concluded that there was no meritorious issue pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). "By its own terms, the holding in Apprendi applies only when the disputed 'fact' enlarges the applicable statutory maximum and the defendant's sentence exceeds the original maximum." United States v. Caba, 241 F.3d 98, 101 (1st Cir. 2001). Here, the statutory maximum was dictated by Santiago's guilty plea to a count that specified a drug quantity of "one or more

kilograms" of heroin.  He received a sentence well below that original maximum.

Similarly, our review of the record indicates that the district court did not err in denying Santiago's motion to dismiss his indictment on double jeopardy grounds.  We focus only on the counts to which Santiago pled guilty "because in the taking of pleas jeopardy ordinarily does not attach to counts which are dismissed and on which no finding of guilt is made." United States v. Rivera-Feliciano, 930 F.2d 951, 954 (1st Cir. 1991).  Santiago pled guilty in the United States District Court for the Eastern District of New York to one count of conspiracy to import heroin (encompassing the time period of the present conspiracy charge).  In this case, Santiago pled guilty to one count of conspiracy to possess with intent to distribute and to distribute heroin.  Those offenses each contain an element not contained in the other. See United States v. Gomez-Pabon, 911 F.2d 847, 861-62 (1st Cir. 1990). Therefore, the Double Jeopardy Clause does not bar this prosecution. See United States v. Dixon, 509 U.S. 688, 696 (1993).

In his pro se brief, Santiago claims ineffective assistance of counsel resulting in a sentencing error.  The crux of his argument is that counsel was ineffective in

-4-

allowing him to agree to a guideline sentencing range ("GSR")
of 121 to 151 months.  He argues that the stipulated facts
incorporated in the plea agreement supported a finding of a
drug quantity of only 375 grams of heroin, corresponding with
a base offense level ("BOL") of 26.  That BOL would have
yielded a GSR of 70 to 87 months.  "We do not normally
consider ineffective-assistance- of-counsel claims on direct
appeal." United States v. Natanel, 938 F.2d 302, 309 (1st Cir.
1991).  However, this case falls within the following
exception to that rule:

> [W]here the critical facts are not genuinely in
> dispute and the record is sufficiently developed to
> allow reasoned consideration of an ineffective
> assistance claim, an appellate court may dispense
> with the usual praxis and determine the merits of
> such a contention on direct appeal.

Id.

Even if the applicable GSR should have been 70 to 87
months (an issue that we need not decide), the sentencing
guidelines would not permit imposition of a sentence below the
statutory mandatory minimum of 120 months. See U.S.S.G. §
5G1.1(b) ("Where a statutorily required minimum sentence is
greater than the maximum of the applicable guideline range,

-5-

the statutorily required minimum sentence shall be the guideline sentence."). Santiago does not dispute that he has more than one criminal history point, which precludes application of the safety valve provision and imposition of a sentence below the statutory minimum. See 18 U.S.C. § 3553(f). Therefore, he cannot meet the prejudice prong of the ineffective assistance of counsel test. Santiago received the lowest sentence permitted by statute for the count to which he pled guilty.[1]

Counsel's motion to withdraw is granted and appellant's conviction and sentence are affirmed. See 1st Cir. Loc. R. 27(c).

_____

[1] The only sentencing error that we detect is in Santiago's favor. It appears that the district court erred in imposing the statutory mandatory minimum sentence even though that sentence was below the GSR. See U.S.S.G. § 5G1.1. We do not correct that error, however, because the government did not deign to file a cross-appeal.