**Ronald Lee PARSONS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25913.**

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1968.

Ronald Lee Parsons pro se.

Rowland K. Hazard, U. S. Atty., Balboa, Canal Zone, for appellee.

Before THORNBERRY and DYER, Circuit Judges, and KEADY, District Judge.

PER CURIAM:

Appellant Ronald Lee Parsons was convicted upon a jury verdict of grand larceny of a yacht, in violation of 6 Canal Zone Code § 1342(1), and was sentenced to serve a term of five years. This appeal is from the judgment of the district court dismissing without an evidentiary hearing Parson's motion, pursuant to 28 U.S.C. § 2255, to vacate sentence. We affirm.

Appellant's allegations that competent testimony relating to his past history of mental illness was withheld and that the court erred in its instruction to the jury are not substantiated by the record and must be rejected. His contention that court-appointed counsel was incompetent is unsupported by facts and is therefore conclusory. Moreover, the trial judge was aware of counsel's career and competence and found no merit to this contention. Appellant's contention that he was denied the right to take the stand in his own defense is squarely refuted by the affidavit of court-appointed counsel who recited that although Parsons was advised not to testify, "he was further advised that even in the light of such advice he was free to testify or not testify according to his own judgment."

With regard to the alleged denial of appeal, appellant was advised of his right of appeal and his court-appointed counsel swore that appellant expressed no desire to directly appeal the conviction. Finally, the trial court has discretion to ascertain whether a claim is substantial before granting a full evidentiary hearing, Sanders v. United States, 1963, 373 U.S. 1, 21, 83 S.Ct. 1068, 10 L.Ed.2d 148, and we cannot conclude that the trial court abused its discretion in this instance by not conducting a full evidentiary hearing.

Affirmed.