**Angel Rivera FELICIANO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 92–2626(PG), Cr. Nos. 86–419(PG) and 85–114(JP).**

United States District Court, D. Puerto Rico.

Jan. 23, 1996.

Rafael Castro Lang, San Juan, P.R., for Petitioner.

Juan A. Pedrosa, Asst. U.S. Attorney, U.S. Attorney's Office, Hato Rey, P.R., for Respondent.

## OPINION AND ORDER

PEREZ-GIMENEZ, District Judge.

The matter before the Court is the U.S. Magistrate Judge's Report and Recommendation and the government's opposition thereto. The magistrate judge concluded that petitioner, Angel Rivera Feliciano's plea agreement in Criminal Case No. 85–114(JP) had been violated when the government subsequently indicted Feliciano in Criminal Case No. 86–419(PG).

### Background

The factual background which forms the basis for the matter at bar is the same as the one previously encountered when Rivera Feliciano raised the issue of double jeopardy. *See United States v. Rivera–Feliciano,* 930 F.2d 951 (1st Cir.1991), *cert. denied,* 503 U.S. 987, 112 S.Ct. 1676, 118 L.Ed.2d 394 (1992).

On April 17, 1986, Rivera Feliciano was indicted by a federal grand jury and charged with four violations of 21 U.S.C. § 841(a)(1), to wit: possession with intent to distribute 22.9 grams of heroin on or about April 2, 1985; distribution of 22.9 grams of heroin on or about April 12, 1985; possession with intent to distribute 53.8 grams of heroin on or about April 13, 1985; and distribution of 53.8 grams of heroin on or about April 13, 1985. A superseding indictment filed on May 5, 1985, reiterated these offenses and added a fifth count, the use of a communications facility to commit a crime in violation of 21 U.S.C. § 843(b). On August 5, 1985, Rivera Feliciano pled guilty to Counts 2 (distribution of heroin on April 13, 1985) and 5 (use of a communications facility to commit the crime) of the indictment, and the remaining counts were dismissed. Rivera Feliciano was sentenced to a six-year imprisonment, a $10,000 fine, a special parole term of five years, and a special monetary assessment of $50 on Count 2, and two years imprisonment, a $10,000 fine, and a special monetary assessment of $50 on Count 5.

On August 1, 1986, Rivera Feliciano and thirty other defendants were the subject of a second indictment. Counts 1, 5, 11 and 12 charged Rivera Feliciano with violations of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. Count 1 charged Rivera Feliciano with conspiracy to possess with intent to distribute both cocaine and heroin; Count 5 charged Rivera Feliciano with possession with intent to distribute 7,000 grams of cocaine in 1984; Count 11 charged Rivera Feliciano with possession with intent to distribute approximately 2,000 grams of heroin on or about April 4, 1985; and Count 12 charged Rivera Feliciano with possession with intent to distribute approximately 7,000 grams of cocaine on or about April 8, 1985.

After a jury trial, Rivera Feliciano was found guilty on all counts and sentenced to 15 years imprisonment on Count 1, 15 years on Counts 5, 11 and 12, to be served concurrently with one another but consecutively to the 15 years imprisonment on Count 1 and consecutively with the six-year imprisonment imposed in Criminal Case No. 85–114(JP).

In his initial appeal Rivera Feliciano argued that "the 1986 prosecution arose from a factual situation on which the government had already proceeded to judgment in 1985, and thus ran afoul of the Double Jeopardy Clause." *Id.* at 952. The First Circuit Court of Appeals ruled against petitioner due to the following reasons: first, the facts to be proven and the conduct involved in the possession and distribution cases were different; second, it follows *a fortiori* "that the conduct establishing the conspiracy to possess must be independent of the conduct constituting the actual distribution" and "because the facts underlying the communications facility charge were not used to establish the conspiracy, prosecution for the latter, vis à vis the former, presents no problem under Grady's "same conduct" test." *Id.* at 955.

Petitioner now raises for the first time in his memorandum of law in support of his

2255 petition (Docket # 22) that the government breached the plea agreement entered in Cr. No. 85–114(JP) by using the same criminal conduct that had been object of the plea agreement to sustain the conspiracy and substantive counts in Cr. No. 86–419(PG).[1] Petitioner further avers that he has been deprived of effective assistance by his counsel's failure to raise this issue.

■ The narrowly confined issue presented in this 2255 motion is whether the plea agreement in Cr. No. 85–114(JP) prohibited Rivera Feliciano's subsequent prosecution for conspiracy and for possession with intent to distribute heroin. Rivera Feliciano bears the burden to prove by a preponderance of the evidence the underlying facts that establish a breach of the plea agreement.

■ We will first address the general rule as to when is a plea agreement violated.[2] Whether the government violates a plea agreement depends on a determination of what the parties to the plea agreement reasonably understood to be the terms of the agreement. *United States v. Sutton,* 794 F.2d 1415, 1423 (9th Cir.1986).

The court begins the analysis "with an inquiry into whether the reasonable expectations of the parties can be ascertained under an objective standard by examining the language of the plea agreement." *United States v. Giorgi,* 840 F.2d 1022, 1028 (1st Cir.1988), citing *United States v. Fields,* 766 F.2d 1161, 1168 (7th Cir.1985).

The plea agreement reads in pertinent part:

Pursuant to Rule 11(e)(1)(A)(B) of the Federal Rules of Criminal Procedure, in exchange of defendant's plea of guilty as to Counts Two and Five, the Government will request dismissal of the remaining counts at the time of sentence. Further, the Gov-

ernment will recommend that if a term of imprisonment is imposed, that it be no more than eight years and that the sentences imposed in counts two and five be served concurrently.

The language of the plea agreement is clear as to what the parties are to reasonably expect from the same. However, Rivera Feliciano appears to argue, and the magistrate judge agreed, that the government impliedly agreed not to prosecute him for the offenses included in the second indictment because the government already had knowledge of those offenses when it filed the first indictment. Even assuming arguendo that the government had knowledge of the offenses at the time of the first indictment under the objective standard, the Court does not find that the government beached the plea agreement by its pursuit of the second indictment. The transcript of the change of plea hearing reveals that defendant was asked about whether there was a plea agreement. Defendant's attorney answered in the affirmative and further explained what the agreement was. The explanation given is a *verbatim* version of the text of the plea agreement. The defendant was later asked whether he had knowledge of the agreement he entered into and he answered "yes" and explained that he was going to be sentenced to a maximum of eight years. When asked if there was any other agreement, he answered in the negative. It appears clear to the Court from Rivera Feliciano's responses at his initial guilty plea hearing together with the language of the plea agreement that the agreement was only meant to cover the offenses charged in the first indictment. *See, e.g., United States v. Strawser,* 739 F.2d 1226, 1231 n. 5 (7th Cir.), *cert. denied,* 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984).

As stated in *Strawser, id.* at 1231:

---

1. In the initial appeal, the First Circuit noted, but did not decide because the issue was not raised either at trial or on appeal, that if in fact the government had re-filed the possession with intent to distribute heroin charge that it had moved to dismiss as a result of the plea agreement, such an action could have constituted a clear violation of the 1985 plea agreement. 930 F.2d at 952 n. 1.

2. Although "the interpretation of Disputed Terms in a Plea Agreement should be determined by the district court to which the Plea was Originally Submitted....," *United States v. Yanez,* 985 F.2d 371, 376 (7th Cir.1993), petitioner's "Motion Requesting Referral of the Plea Agreement Violation Issues to Hon. Jaime Pieras" was denied by Judge Pieras, who stated that the "matter is to be decided by the Judge who last sentenced the defendant."

"[a] plea bargain is, in law, just another contract...." *Brooks v. United States,* 708 F.2d 1280 (7th Cir.1983). Thus, to establish that the plea agreement was intended to cover all other drug-related activity which might be discovered through analysis of evidence gained from the search and seizure leading to the first indictment, the defendant must show that such intent was reasonably understood by the parties to be the meaning of the terms of the agreement. *See United States v. Arnett,* 628 F.2d [1162] at 1164 [ (9th Cir. 1979) ].

Defendant herein, same as defendant in *Strawser,* has "simply failed to make this showing. Since there is nothing in the language of the first plea agreement which would support such blanket immunity nor any evidence indicating an intent to cover offenses other than those charged in the first indictment, we find no breach arising out of the second indictment and hold that the denial of the motion to Quash Prosecution was proper." *Id.*

■■■ While the government is obligated to fulfill the promises it made in a plea agreement, *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971), defendants are not entitled to have promises read into their plea agreements because they claim that they believed the agreement included such promises. *United States v. Sutton,* 794 F.2d at 1423. Moreover, the fact that two parties advance different interpretations of the terms of a plea agreement does not render the agreement ambiguous when the language of the agreement is unambiguous on its face.[3] *See United States v. Harvey,* 791 F.2d 294, 300 (4th Cir.1986). At the time the parties executed the agreement, only five charges had been filed against Rivera Feliciano. The only promise made in the plea agreement was that if defendant pled guilty to counts 2 and 5, the government would request the dismissal of counts 1, 3 and 4. The agreement implicitly binds the government not to repro-

secute Rivera Feliciano for the heroin possession-distribution offense alleged in those counts. The agreement contains no language stating that the United States promises not to institute further prosecution on other offenses nor does it contain language stating that the government would not use the seized evidence in such subsequent prosecution. The evidence does not show any objective basis for concluding that the plea agreement included a blanket immunity from prosecution for all suspected criminal acts. Rivera Feliciano presents no evidence to even suggest that the issue of blanket immunity was ever a subject of mutual consideration between the government and the defendant in the negotiation of the plea agreement. *See, e.g., United States v. Burns,* 990 F.2d 1426, 1433 (4th Cir.), *cert. denied, Laforney v. United States,* 508 U.S. 967, 113 S.Ct. 2949, 124 L.Ed.2d 696 (1993) (defendant's contention that the government promised not to reprosecute him for a violation of 18 U.S.C. § 1952(a)(3) is simply an attempt to introduce new terms to a fully integrated plea agreement). Nor has evidence been presented of the government's having over-reached or employed unconscionable bargaining tools in coming to terms with Rivera Feliciano. He was represented by counsel throughout the plea negotiations and has not raised doubts about his lawyer providing him effective assistance within the meaning of the Sixth Amendment to the Constitution in the bargaining process. *See Id.,* 990 F.2d at 1434.

In conclusion, the Court will not bind the government to promises it did not make. *United States v. Fentress,* 792 F.2d 461, 464–65 (4th Cir.1986). To interpret the agreement as Rivera Feliciano contends would "strip the bargaining process itself of meaning and content." *Id.* Any mistaken belief held by Rivera Feliciano was purely subjective and poses no bar to the second prosecution. *United States v. Giorgi,* 840 F.2d at 1029. *See also United States v. Wittie,* 25 F.3d 250, 262 (5th Cir.1994), *cert. granted,* —— U.S. ——, 115 S.Ct. 715, 130 L.Ed.2d

**3.** Although the Court acknowledges that "the contractual analysis of plea agreements can be tempered by a second principle that recognizes the unique concerns created by ambiguous provi-

sions in such agreements and the government's resultant duty to use special care in their drafting," *United States v. Fields,* 766 F.2d 1161, 1168 (7th Cir.1985), this is not such a case.

622 (1995), *aff'd*, — U.S. —, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) (to subjectively cling to the belief that defendant could not be prosecuted for the cocaine offense, that is not a reasonable understanding of the plea agreement).

Furthermore, Rivera Feliciano argues that the government's case against him was complete when the first indictment was returned and that those charges could have been included in the first prosecution. First of all, Rivera Feliciano's statement is erroneous. The explanation given by the government in its objections to the magistrate judge's report and recommendation is unrefuted. The heart of the government's case to prove the conspiracy and substantive offenses for which Rivera Feliciano and thirty others were indicted was the testimony of cooperating co-defendant José Panzardi Alvarez (Panzardi). He did not agree to plea guilty and testify until March 10, 1986, ten months after Rivera Feliciano was indicted (May 15, 1985) and six months after he pleaded guilty (September 13, 1985) in the previous case. Therefore, the charges could not have been brought at the time of the previous indictment because the evidence needed to prove those charges (Panzardi's testimony) was not then available.

█ The Court recognizes that the plea bargaining phase of the criminal justice system "must be attended by safeguards to insure the defendant what is reasonably due in the circumstances." *United States v. Krasn,* 614 F.2d 1229, 1234 (9th Cir.1980), *citing Santobello v. New York,* 404 U.S. at 262, 92 S.Ct. at 498. One of these safeguards is a duty of good faith required of the prosecutors who are, after all, serving as representatives of the people. *Krasn, id.* This duty of good faith would encompass in certain cases an obligation to inform a defendant during plea bargaining negotiations of other possible criminal charges which may be filed. *Id.* However, this is not such a case. As explained above, the government was not ready to submit the conspiracy and other substantive charge against Rivera Feliciano to the grand jury during the plea negotiations on the first charges. The government did not obtain an indictment against Rivera Feliciano on the conspiracy and other substantive charges until almost a year after he had pled guilty under the plea bargain.

As to pre-indictment delay, a somewhat related issue in the preaccusatory stage of criminal proceedings, the Supreme Court has stated:

> The decision to file criminal charges, with the awesome consequences it entails, requires consideration of a wide range of factors in addition to the strength of the government's case, in order to determine whether prosecution would be in the public interest. (Footnote omitted) Prosecutors often need more information than proof of a suspect's guilt, therefore, before deciding whether to seek an indictment.... Rather than deviating from elementary standards of "fair play and decency," a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt.

*United States v. Lovasco,* 431 U.S. 783, 794–95, 97 S.Ct. 2044, 2051–52, 52 L.Ed.2d 752 (1976). *See also United States v. Acevedo,* 842 F.2d 502, 504 (1st Cir.1988); *United States v. Cerrito,* 612 F.2d 588 (1st Cir.1979).

█ Another challenge raised by Rivera Feliciano is in relation to the conspiracy count in the second indictment. He argues that his prior guilty plea and dismissals for the substantive offenses occurring in 1985, during the period of the conspiracy charged, barred his prosecution on the conspiracy charge because the same conduct is charged as overt acts in the conspiracy indictment. In other words, he is alleging that the conspiracy count constituted an attempt by the government to reprosecute him for the same conduct that had been the object of the plea agreement. This challenge can be answered by using the First Circuit's reasoning when it denied Rivera Feliciano's claim of double jeopardy.

█ The First Circuit stated: "the essence of the conspiracy is the agreement, and conviction for the conspiracy does not prevent conviction, or acquittal, for the substantive charge comprising the conspiracy."

*United States v. Rivera Feliciano,* 930 F.2d at 955. *See also United States v. Femia,* 57 F.3d 43, 47 (1st Cir.), *cert. denied,* — U.S. ——, 116 S.Ct. 349, 133 L.Ed.2d 245 (1995). Although evidence of prior criminal activities for which Rivera Feliciano was charged in the first indictment may be introduced as part and parcel of the prosecution's efforts to prove the existence of a conspiracy, said evidence is not an essential element of that proof. *United States v. Burns,* 990 F.2d at 1432. *See also United States v. Shabani,* — U.S. ——, ——, 115 S.Ct. 382, 383, 130 L.Ed.2d 225 (1994) (21 U.S.C. § 848 does not require the government to prove that a conspirator committed an overt act in furtherance of the conspiracy); *United States v. Mayo,* 721 F.2d 1084, 1089 (7th Cir.1983) (the government's need only prove an agreement and need not allege or prove an overt act). The elements of the crime of conspiracy are two: (1) an agreement between two or more persons, (2) to commit in concert an unlawful act. *Morrison v. California,* 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (1934). Proof that an overt act has been committed in furtherance of the conspiracy is not a legal requirement for establishing a conspiracy under 21 U.S.C. § 846. *See United States v. Burns, Id.; see also United States v. Swingler,* 758 F.2d 477, 492 (10th Cir.1985) ("where overt acts are included in the indictment, they may be treated as surplusage"). Therefore, the overt acts are not elements of a section 846 conspiracy and cannot be considered the "same offense" for double jeopardy purposes, *United States v. Banks,* 10 F.3d 1044, 1050 (4th Cir.1993), *cert. denied, Blow v. United States,* — U.S. ——, 114 S.Ct. 1850, 128 L.Ed.2d 475 (1994); *see also United States v. Felix,* 503 U.S. 378, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992) ("a substantive crime, and a conspiracy to commit that crime, are not the 'same offense' for double jeopardy purposes"). It follows *a fortiori* that the conspiracy count in the second indictment did not constitute an attempt by the government to reprosecute Rivera Feliciano for the same offenses for which he had been convicted or that had been object of dismissal pursuant to the plea agreement.

In view of the above findings and conclusions, the Court does not approve the magistrate judge's report and recommendation and **ORDERS** the **DISMISSAL** of Rivera Feliciano's 2255 petition.

**IT IS SO ORDERED.**