USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1233 ANGEL RIVERA-FELICIANO, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin and Campbell, Senior Circuit Judges. _____________________ ____________________ Jose F. Quetglas Jordan for appellant. _______________________ Philip Urofsky, Attorney, with whom John C. Keeney, Acting _______________ ________________ Assistant Attorney General, Guillermo Gil, United States Attorney, and _____________ Theresa M.B. Van Vliet, Chief, Narcotic & Dangerous Drug Section, _______________________ Criminal Division, U.S. Department of Justice, were on brief for the United States. ____________________ January 9, 1997 ____________________ Per Curiam. Upon consideration of the record, the __________ briefs and the arguments, we affirm the judgment of the district court for substantially the same reasons expressed by that court in its opinion and order of January 20, 1996.1 We add the following: With regard to Rivera- Feliciano's ineffective assistance of counsel claim, his counsel's failure to move to dismiss the 1986 charges based on the earlier plea agreement did not demonstrate constitutionally ineffective assistance as, for reasons explained in the opinion below, there was little likelihood that such a motion would have been allowed. See Strickland ___ __________ v. Washington, 466 U.S. 668, 687-696 (1984). __________ Rivera-Feliciano contends that the district court erred in assigning his 28 U.S.C. 2255 petition to Judge Perez-Gimenez, the judge who had presided over the 1986 trial and had sentenced him in Cr. Case No. 86-419(PG). Rather, appellant argues, the case should have gone to Judge Pieras, the judge who in 1985 had accepted his guilty plea in Cr. Case No. 85-114(JP), and sentenced him on the plea. This contention runs counter to Rule 4(a) of the Rules Governing  ____________________ 1. The district court's opinion is published as Feliciano v. _________ United States, 914 F. Supp. 776 (D.P.R. 1996). We note a _____________ typographical error in the opinion: on page 778, at the beginning of the second paragraph under the heading "Background," "1986" should read "1985." See United States ___ _____________ v. Rivera-Feliciano, 930 F.2d 951, 952 (1st Cir. 1991). ________________ -2- Section 2255 Proceedings for the United States District Courts, which provides, in relevant part: The original motion shall be presented promptly to the judge of the district court who presided at the movant's trial and sentenced him, or, if the judge who imposed sentence was not the trial judge, then it shall go to that judge who was in charge of that part of the proceedings being attacked by the movant. Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(a), 28 U.S.C. foll. 2255 (1994). The section 2255 petition here challenged the convictions and sentences following trial in 1986. As Judge Perez-Gimenez had also been the trial judge in that proceeding, he was the appropriate judge to hear the petition. That petitioner's challenge to the 1986 convictions and sentences was based on the 1985 plea proceeding is immaterial. Finally, we find no merit in the argument that the district court was required to accept as true, or hold an evidentiary hearing on, Rivera-Feliciano's conclusory allegation that the government had sufficient evidence to indict him in 1985 for charges later included in the 1986 indictment. See Shraiar v. United States, 736 F.2d 817, 818 ___ _______ _____________ (1st Cir. 1984) ("A 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, -3- entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts . . . .") (citations omitted).  As suggested in the district court's opinion, see ___ Feliciano, 914 F. Supp. at 781 (quoting from United States v. _________ _____________ Lovasco, 431 U.S. 783, 794-95 (1976)), it will ordinarily be _______ up to the government to decide when it has sufficient evidence to prosecute. Here, the government offered a plausible reason for its delay, which the district judge could evaluate based on his having presided over the trial, to wit, that the testimony of Jos Panzardi-Alvarez was deemed essential to the 1986 conspiracy prosecution. The district court's determination that a separate hearing on the state of the government's evidence in 1985 was not needed in order to permit it to rule intelligently on the petition was well within its discretion. See Parsons v. United States, ___ _______ ______________ 404 F.2d 888 (5th Cir. 1968) (On motion to vacate sentence, federal district court has discretion to ascertain whether claim is substantial before granting a full evidentiary hearing) (per curiam). Affirmed. ________ -4-